UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

MAMOUDOU SY #A241-408-538

VERSUS

WARDEN JACKSON PARISH
CORRECTIONAL CENTER ET AL

CASE NO.  3:26-CV-01850 SEC P

JUDGE TERRY A. DOUGHTY

MAGISTRATE JUDGE PEREZ-
MONTES

## MEMORANDUM ORDER

Pending before the Court is an Emergency Motion for Immediate Stay of Removal [Doc. No. 2] filed by *pro se* Binta Ibrahima Fall, as Next Friend of Petitioner Mamoudou Sy ("Sy"). For the following reasons, the Motion is **DENIED**.

Sy, a citizen and national of Senegal, entered into the United States without inspection on or about August 4, 2023, near Lukeville, Arizona.[1] A day later, the Department of Homeland Security ("DHS") issued a Notice and Order of Expedited Removal against Sy pursuant to 8 U.S.C. § 1225(b)(1).[2] On October 3, 2023, Sy was released by DHS under an Order of Release on Recognizance[3] and issued a Notice to Appear before an immigration judge on October 26, 2023.[4]

Once released from his initial detainment, Sy adhered to the requirements under his Order of Release on Recognizance by reporting to Immigration and Customs Enforcement ("ICE") on November 7, 2023; November 5, 2024; and April 1,

---

[1] [Doc. No. 1, p. 3, 5].
[2] [Doc. No. 1-2, p. 6].
[3] [Id. at p. 8].
[4] [Id. at p. 14].

2025.[5] Sy's next reporting date to ICE was set for April 1, 2026, at 9:00 AM.[6] Sy, however, was unable to attend the last scheduled reporting date as ICE arrested and took him into custody on or about March 19, 2026.[7] ICE later transferred Sy to the Jackson Parish Correctional Center in Jonesboro, Louisiana, where he remains detained.[8]

Due to Sy's fear of returning to Senegal and request for protection, DHS conducted a credible fear interview and issued a negative credible fear determination.[9] Sy requested a review of the negative credible fear determination, and on February 24, 2026, a hearing was set to review the DHS's credible fear determination on April 16, 2026, at an immigration court in Memphis, Tennessee.[10] However, Sy asserts the notice of the hearing was not received by Sy as it was mailed on April 9, 2026, approximately three weeks after his detention.[11] Sy received a hearing before an immigration judge at a detention facility in Jonesboro, Louisiana, on April 15, 2026.[12] He attended the hearing "without an attorney, without advance notice that his case had been transferred from Memphis, Tennessee, to Louisiana, without notice that his hearing date had been changed from April 16 to April 15, and

---

[5] [Id. at p. 9].
[6] [Id.].
[7] [Doc. No. 2, p. 4 at ¶5].
[8] [Id.].
[9] [Doc. No. 1-2, p. 11].
[10] [Id. at pp. 11, 13].
[11] [Doc. No. 2, p. 4 at ¶ 6].
[12] [Id. at p. 2].

without any documents or meaningful opportunity to prepare a defense."[13] The immigration judge informed Sy he was to be deported and issued a removal order.[14]

Sy seeks an emergency stay of removal as he believes he "faces imminent deportation to Senegal following immigration proceedings that raise serious due process concerns under the Fifth Amendment of the United States Constitution."[15] Sy contends that "he will suffer irreparable harm that no subsequent court order could remedy" if he is deported to Senegal before this Court can review the constitutional adequacy of his immigration proceedings.[16]

As a threshold matter, the Court recognizes that a *pro se* petitioner's filings are held to less "stringent standards" than filings drafted by counsel. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although the Fifth Circuit holds a court does not need to "conjure up unpled allegations," it must liberally construe a *pro se* petition to ensure that meritorious claims are not dismissed due to a lack of legal sophistication. *McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983); *U.S. v. Villarreal*, 87 F.4th 689, 693 (5th Cir. 2023). The Court now addresses the merits.

On April 15, 2026, an immigration judge issued Sy's removal order, and there is no pending appeal of the order before the Board of Immigration Appeals.[17] As the time to file an appeal has expired, Sy's order of removal is final. *See* 8 C.F.R. § 1241.1(c); 8 U.S.C. § 1252(b)(1) (a review of an order of removal must be filed within

---

[13] [Id.].
[14] [Doc. No. 2, p. 5 at ¶ 9].
[15] [Id. at p. 1].
[16] [Id. at p. 2].
[17] EXECUTIVE OFFICE OF IMMIGRATION REVIEW, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation (last visited June 9, 2026) (enter "241-408-3538" under "A-Number" and "Senegal" under "Nationality").

30 days after the date of the final order of removal). Sy's Motion seeks a stay of removal pending final resolution of his habeas proceeding. The Fifth Circuit recently clarified that a request for stay of removal is a challenge to a removal order. *Imran v. Harper*, No. 25-30370, 2026 WL 93131, at *1 (5th Cir. Jan. 13, 2026). Section 1252(g) strips federal courts of subject matter jurisdiction over causes or claims "arising from the decision or action by the Attorney General to commence proceedings, adjudicate cases, or *execute removal orders*" against an alien. *Id.*; 8 U.S.C. § 1252(g) (emphasis added). Thus, this Court is without jurisdiction to grant Petitioner's request for stay of removal. *See id.*

Accordingly,

**IT IS ORDERED** that Sy's Emergency Motion for Immediate Stay of Removal [Doc. No. 2] is **DENIED** for a lack of jurisdiction.

MONROE, LOUISIANA, this 10th day of June 2026.

_____
Terry A. Doughty
United States District Judge